**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CELESTE WIRSIG-WEICHMANN, Ph.D., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. CIV-07-0475-F ) |
| STATE OF OKLAHOMA, ex rel. THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Defendant, the State of Oklahoma ex rel. the Board of Regents of the University of Oklahoma, has moved to dismiss this action under Rule 12(b)(6), Fed. R. Civ. P. Plaintiff has not responded, nor is any response yet due. Having reviewed the motion, however, the court determines that no response is necessary in order for it to rule.

The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Defendant argues that according to the facts alleged in the complaint, this Title VII sex discrimination action is not timely because it was not filed within 90 days of plaintiff's receipt of the Equal Employment Opportunity Commission's notice of right to sue. (Doc. no. 9.) The motion argues that plaintiff's "conclusory allegations" regarding the timing of this lawsuit are inadequate because they do not allege the date upon which plaintiff actually received her notice of right to sue. Defendant notes that the date the right to sue letter was issued is alleged to be (and defendant apparently agrees that it is, in fact) January 24, 2007. Defendant contends that this date is more than 90 days prior to April 27, 2007, the date defendant states this action was filed.

Defendant's argument is factually incorrect. This action was filed on April 23, 2007, not on April 27, 2007. April 23, 2007 falls within the 90-day period even if the court were to agree with the defendant (which it does not in these circumstances) that for purposes of a 12(b)(6) motion the 90-day period should be calculated from the date the notice of right to sue was issued, where the date of receipt of the notice is not specifically alleged.[1] Moreover, the complaint alleges that plaintiff "[t]imely commenc[ed] this lawsuit within ninety (90) days of the receipt of her Notice of Right to Sue issued by the Equal Employment Opportunity Commission and dated January 24, 2007, which was received by Plaintiff shortly thereafter." (Complaint, ¶ 22.)

---

[1] If the defendant's arguments were factually accurate, the court still would not necessarily dismiss this action, and it certainly would not dismiss without leave to amend to allege more details regarding how and in what manner the notice was received. *See*, *e.g.*, <u>Williams v. Enterprise Leasing Company of Norfolk/Richmond</u>, 911 F. Supp. 988 (E.D. Va. 1995) (court conditionally denied a motion to dismiss which contended that plaintiff's Title VII suit was not timely; court assumed suit was filed within the 90-day period, even though the date of plaintiff's receipt of the notice of right to sue was not alleged; court presumed the notice was mailed and therefore applied the three-day mailing rule of Rule 6(e), although the court required plaintiff to submit documentation regarding when the right to sue notice was received and whether it was received by mail).

Although this is a somewhat conclusory allegation, the factual allegations appear to support it.[2]

After careful consideration of the motion, the record, and the relevant authorities, the motion to dismiss is **DENIED**.

Dated this 21st day of May, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0475p002(pub).wpd

---

[2] If the evidence ultimately developed indicates otherwise, then a motion for summary judgment based on that evidence of untimeliness may be pressed at a later stage.