## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CELESTE WIRSIG-WIECHMANN, Ph.D., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STATE OF OKLAHOMA, ex rel., THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, a constitutional state agency, | ) ) ) ) ) |
| Defendant. | ) ) |

Case No. CIV-07-0475-F

## ORDER

"Defendant University's Motion for Summary Judgment," filed August 8, 2008, is before the court. (Doc. no. 50.) Plaintiff has responded, defendant has replied, and the motion is ready for determination.

Plaintiff, Celeste Wirsig-Wiechmann, Ph.D., is a tenured faculty member in the cell biology department at the University of Oklahoma Health Sciences Center. She alleges Title VII employment discrimination and retaliation claims against the defendant. (Defendant is sometimes referred to in this order as "the University.") Specifically, plaintiff alleges gender discrimination based on unequal pay and disparate treatment with regard to her working conditions, gender discrimination based on a hostile work environment, and a retaliation claim.

### Standards

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden

of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. <u>United States v. Agri Services, Inc.</u>, 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. <u>Posey v. Skyline Corp.</u>, 702 F.2d 102, 105 (7th Cir. 1983).

Both parties analyze this case under the indirect or circumstantial evidence burden-shifting framework of <u>McDonnell Douglas Corporation v. Green</u>, 411 U.S. 792 (1973). The court concurs that this is the correct approach. Under <u>McDonnell</u>, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *Id*. at 802. Once the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action. *Id*. at 802. If the defendant makes this showing, the burden then shifts back to the plaintiff to show that the defendant's proffered justification is pretextual. *Id*. at 804.

<u>Unequal Pay Claim</u>

Defendant argues that plaintiff's unequal pay claim is time-barred under <u>Ledbetter v. Goodyear Tire & Rubber Co., Inc.</u>, 127 S. Ct. 2162 (2007).

Ledbetter is an extremely narrow decision.  It concludes that where plaintiff did not assert or present evidence that the defendant acted with actual discriminatory intent when defendant issued plaintiff's paychecks during the relevant period, and where plaintiff argued that the issuance of the paychecks, without more, carried forward the unlawful effects of prior, uncharged discrimination decisions made by the defendant, there was no present violation within the required time period so that plaintiff's discriminatory pay claim was barred.  *See*, *id*. at 2169 (explaining what plaintiff did not contend and reiterating that "current effects alone cannot breathe life into prior, uncharged discrimination").  The Court rejected plaintiff's argument that an employment practice committed with no improper purpose and no discriminatory intent is rendered unlawful in a disparate treatment pay case because it gives effect to an intentional discriminatory act that occurred outside the charging period such as the act that established the disparate pay.  *Id*. at 2172.

In the instant case, by contrast, plaintiff contends that intentionally discriminatory conduct occurred within the 300-day charging period (300 days prior to the time she filed her first EEOC charge on January 24, 2007).  Plaintiff has presented evidence of the type of  discrete discriminatory act within the charging period that was absent in Ledbetter.  *See*, *id*. at 2169 (explaining that prior Court decisions provide the EEOC charging period is triggered when a discrete unlawful practice takes place).  Plaintiff, for example, has provided an "Annual Compensation Agreement" for fiscal year 2007, signed November 2, 2006 by plaintiff, and signed September 26, 2006 by the department chair.  The signatory dates are within the charging period.  (*See*, doc. no. 57, ex. 9, p.4.)  Plaintiff contends, and the court agrees, that this document is evidence of a pay-setting decision, made each year for plaintiff and other faculty members, within the 300-day time frame.

This case is, therefore, distinguishable from <u>Ledbetter</u>, and the court rejects defendant's argument that plaintiff's entire unequal pay claim is time-barred under that decision.  The court finds, however, that to the extent plaintiff's unequal pay claim seeks to recover pay based on pay-setting decisions that pre-dated the 300-day charging period, then, to that extent, plaintiff's discriminatory pay claim is time-barred.  Plaintiff's response brief almost concedes as much.[1]

Accordingly, defendant's motion for summary judgment on plaintiff's discriminatory pay claim will be granted in part based on untimeliness, and otherwise denied.

Defendant next argues plaintiff has not identified evidence to support a *prima facie* case of unequal pay based on gender, primarily because plaintiff has not shown she was paid in a discriminatory manner when her pay is compared to similarly situated male faculty members.  Defendant argues that, if anything, plaintiff has received preferential pay in comparison to her male counterparts.  Defendant also argues that plaintiff's comparators are not similarly situated.  Plaintiff, however, has identified evidence that is sufficient to create fact issues and avoid summary judgment in these regards.  *See and cf.*, annual compensation agreement between plaintiff and the defendant for fiscal year 2007 (doc. no. 57, ex. 9, p. 4), and annual compensation agreement between male faculty members "M3" or "M4" and the defendant for fiscal year 2007.  (Doc. no. 57, ex. 16, p. 6; ex. 17, p. 3.)

---

[1]As plaintiff states, "Plaintiff can clearly use all pay-setting decisions within the 300-day time frame, which would include the decision to set Plaintiff's salary for the 2006-2007 school year. As can be seen from Plaintiff's compensation sheet for that year, this decision was made in the Fall 2006, as it was for the other male faculty, which is well within the 300-day time frame. ... At the very least then, Plaintiff can maintain an action for the discriminatory treatment she experienced in her pay for the 2006-2007 year."  (Doc. no. 57, pp. 20-21.)

Defendant has met its burden to present evidence of a legitimate, non-discriminatory reason for any differences in pay between plaintiff and male faculty members.  For example, defendant cites to grant funding obtained by different faculty members, faculty members' rank, the time faculty members have worked at the university, and market conditions at the time of hiring of various faculty members. Having met this burden, defendant argues that plaintiff has not presented evidence to show that defendant's non-discriminatory reasons for any pay differences were merely a pretext for gender discrimination.

Pretext can be shown by evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence and infer that the employer did not act for the asserted non-discriminatory reasons.  Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1183 (10th Cir. 2006).

Plaintiff has presented evidence that one year she was allowed to supplement her salary with grant money while at other times she was not allowed to do this. Plaintiff has presented evidence that Dr. Robert Anderson, chairman of the cell biology department at the University at pertinent times, stated that when plaintiff did get her grant as a salary supplement it was as a favor to plaintiff.  Plaintiff has presented evidence that the one time she was allowed this supplemental salary, the University contended it had created an exception, for her benefit, to the rule that National Institute of Health salaries are always applied to offset University salary; plaintiff has presented evidence, however, that her grant was a National Science Foundation grant, not an NIH grant.  Plaintiff testified at her deposition that certain funds went missing from her salary account under the direction of former department

manager Scott Smith. The university has admitted that Mr. Smith made serious errors. The court concludes that although evidence of pretext is thin, there is some evidence that could arguably support a finding of pretext with regard to plaintiff's unequal pay claim.[2]

In sum, except to the extent the court has already held plaintiff's gender-based pay claim is time-barred, plaintiff has identified sufficient evidence to show there are genuine issues of material fact precluding summary judgment on that claim.[3]

### Disparate Treatment Claim (Working Conditions).

Defendant contends that plaintiff's disparate working conditions claim is time-barred because there is no evidence (or even allegation) that defendant took any discriminatory actions against plaintiff with respect to her working conditions within the 300-day period leading up to the first EEOC charge on January 24, 2007.

While the initial relocation of plaintiff's lab space occurred in 2005, a date outside the 300-day period, plaintiff has identified evidence to show that defendant continued to either deny plaintiff's request for adequate laboratory space, or continued reassurances to plaintiff that the University would rectify the situation regarding her reassigned lab space, in both 2006 and 2007. Plaintiff has also identified evidence supporting her contention that she was forced to suspend work on her grant in June of 2006, which is within the 300-day period. The court concludes that to the extent

---

[2]The admissibility of this evidence to show pretext is not necessarily affected by when these alleged actions occurred.

[3]Of course, plaintiff need not actually "show" or "prove" or "establish" anything to defeat defendants' motions. Plaintiff must merely demonstrate the existence of a genuine issue of material fact. Although this order sometimes uses the quoted terms because they are used in the case law, the court has consistently judged plaintiff's claims by the lesser standard which is appropriate at this stage. Goodwin v. General Motors Corporation, 275 F.3d 1005, 1011 at n.7 (10th Cir. 2002)(abrogated on other grounds.).

plaintiff's disparate working conditions claim arose before the 300-day charging period, the motion for summary judgment will be granted because that claim is time-barred; however, to the extent plaintiff's disparate working conditions claim is based on actions within the 300-day charging period, the motion will be denied. Furthermore, the same evidence as that outlined above supports plaintiff's *prima facie* claim of disparate working conditions.[4]

Defendant has presented evidence of legitimate, non-discriminatory reasons for its treatment of plaintiff. Defendant, for example, has identified evidence indicating that plaintiff's lab space was originally moved to alleviate the departmental tension between plaintiff and her ex-husband, and because plaintiff's research could be moved whereas it would have been nearly impossible to move her ex-husband's research. Defendant has identified evidence indicating that the new lab space was equivalent to plaintiff's old lab space, and that plaintiff voluntarily suspended her grant work although there was no need for that action.

As for pretext, plaintiff has identified evidence, for example, that Dr. Anderson testified he did not instruct anyone to monitor whether plaintiff was present in her office; Scott Smith, however, testified that Dr. Anderson asked him to monitor whether plaintiff was present in her office or laboratory. Again, although the evidence of pretext is thin, plaintiff has identified evidence creating genuine issues of material fact regarding plaintiff's disparate working conditions so as to preclude summary

---

[4]Plaintiff has also identified other evidence in support of her claim that she was treated differently from male faculty members such as her ex-husband because she was harassed by Scott Smith about not being in her office when she had meetings at other places on campus. Plaintiff also testified that Mr. Smith falsified paperwork resulting in the unexplained loss of thousands of dollars from plaintiff's salary account at the University. Plaintiff further states that she had different hours and was required to report shorter office absences as compared to male faculty members. It is not clear from the moving papers whether these alleged events occurred within the 300-day period.

judgment on that claim, except, as already stated, to the extent this claim is based on actions of the defendant occurring before the 300-day charging period.  Accordingly, defendant's motion for summary judgment on the disparate working conditions claim will be granted in part based on untimeliness, and otherwise denied.

Hostile Work Environment Claim.

The court rejects defendant's argument that plaintiff's hostile work environment claim is time-barred, because plaintiff has shown that at least some issues, for example concerning her lab space, arose within the charging period.  The court agrees with defendant, however, that plaintiff has not shown, even under  the lenient summary judgment standard, that she has a submissible hostile work environment claim.  Plaintiff has not come forward with evidence of events demonstrating a work environment permeated with severe and pervasive discrimination, harassment or intimidation, based on gender.  This type of evidence is required for a viable hostile work environment claim.  *See*, Riske v. King Soopers, 366 F.3d 1085, 1091 (10th Cir. 2004) (plaintiff must show her workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment"), quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  Plaintiff has identified no statements or conduct that rise to this level.  Furthermore, plaintiff's reliance on her changed lab assignment, the manner in which renovations to her new lab space were not supported or effected, or the manner in which her working hours and habits were monitored, is misplaced.   These complaints are garden-variety disparate treatment claims, not abusive working environment claims.   It is clear from the relevant authorities from the Supreme Court and the Tenth Circuit that the court, in determining the submissibility of a hostile work environment claim,  must carefully

distinguish between episodic complaints of disparate treatment, on one hand, and hostility (*e.g.,* gender-based intimidation, ridicule, and insult) so pervasive that it amounted to a condition of employment, on the other hand.  Accordingly, summary judgment will be granted in defendant's favor on plaintiff's hostile environment claim.

<u>Retaliation Claim</u>.

The only action plaintiff contends was retaliatory was the suspension of renovations on plaintiff's laboratory, which plaintiff contends occurred in April of 2007 in retaliation for the filing of her first EEOC charge on January 24, 2007. Defendant argues there is no *prima facie* evidence to support plaintiff's retaliation claim.  Plaintiff, however, has identified an email in which she refers to the fact that she had been told the evening before that lab renovations would be suspended "until the legal issues were cleared up."  (Doc. no. 57, ex. 14, p. 2, email of April 5, 2007; see also doc. no. 57, ex. 34, p. 4 ("I received a telephone call...indicating that lab renovations would be suspended since my employment lawyer...sent a legal document with [sic] the university.")  An email from Dean Dewayne Andrews to plaintiff, dated April 5, 2007, states, "It is my understanding that a resolution needs to be reached on the legal issues you have brought before any final decision will be made on lab renovations.  No, I will not continue to pay for your technician's salary from the Dean's Office – we extended this courtesy to you for a defined time period."  (Doc. no. 57, ex. 14, p. 1, email of April 5, 2007, 4:24 p.m.)  These statements, linking renovations and technicians to the status of legal issues presented by plaintiff's Title VII claims, create fact issues which preclude summary judgment on plaintiff's retaliation claim.

<u>Plaintiff's Claim for Attorneys' Fees Under Certain Statutes</u>.

Finally, defendant has challenged plaintiff's claim for attorney's fees to the extent fees are sought under 42 U.S.C. §§ 1981a or 1988.  Plaintiff has not responded to this argument, and the court finds this argument has been confessed and that the Amended Complaint's request for fees under the statutes cited by the defendant has been voluntarily abandoned by the plaintiff.  *See*, LCvR7.2(g) (any motion not opposed within 18 days may, in the discretion of the court, be deemed confessed); *see also*, <u>Arvinger v. Mayor and City Council of Baltimore</u>, 31 F.3d 196 (4th Cir. 1994) (award of attorneys' fees to a Title VII prevailing party is to be made under the statutory provisions specifically pertaining to such awards under Title VII and not under the Civil Rights Attorney's Fee Awards Act).  The Amended Complaint, however, continues to seek attorneys' fees on plaintiff's behalf, under Title VII, 42 U.S.C. §2000e-5(k).

<u>Rulings</u>.

Defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**, as follows.

Defendant's motion for summary judgment on plaintiff's gender discrimination claim of unequal pay and on plaintiff's disparate working conditions claim is **GRANTED** to the extent that these claims are based on alleged discriminatory conduct occurring before the 300-day charging period.  To the extent plaintiff alleges unequal pay and disparate working conditions based on gender-based discriminatory conduct occurring within the charging period, the motion is **DENIED**.

Defendant's motion for summary judgment on plaintiff's hostile work environment claim is **GRANTED**.

Defendant's motion for summary judgment on plaintiff's retaliation claim is **DENIED**.

Claims seeking to recover plaintiff's attorneys' fees under any statutes other than Title VII have been abandoned, and these claims are deemed voluntarily **DISMISSED**.

Dated this 23rd day of October, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0475p024(pub).wpd